**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLARA PACIULETE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY,<br><br>　　　　　　Defendant. | Civil Action No. 25-00090 (GC) (JTQ)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff Clara Paciulete's Complaint against Defendant State of New Jersey, Emergency Motion for Relief pursuant to Federal Rule of Civil Procedure (Rule) 65, and Application to Proceed *In Forma Pauperis* (IFP). (ECF Nos. 1 & 5.) The Court has carefully considered Plaintiff's submissions and decides the matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Complaint is **DISMISSED** without prejudice, and Plaintiff's Emergency Motion for Relief and Application to Proceed IFP are **DENIED** without prejudice.

**I.　　BACKGROUND**

    On January 4, 2025, Plaintiff, proceeding *pro se*, filed her Complaint and Emergency Motion. (ECF No. 1.) Plaintiff claims that her "emergency motion and civil lawsuit arise from a pervasive pattern of admitted bribery, undue influence, and systemic corruption that has significantly undermined the integrity of the judicial process within the State of New Jersey." (*Id.* at 1.) But Plaintiff's allegations in support of that contention are unclear and difficult to follow. Plaintiff claims that she is the mother of a non-verbal special needs child who was abducted by the

child's babysitter before being returned to her by the Franklin Township Police Department. (*Id.* at 3.) Plaintiff appears to take issue with the fact that no arrests were made following the alleged abduction, and further submits that "various state actors—including local law enforcement particularly Franklin, Evesham, Point Pleasant Beach and Westampton inclusive of New Jersey State Police, DCF, NJ Department of Education, and Burlington County and Ocean County judicial officials—have engaged in egregious conduct, including systemic violations of civil rights under color of law." (*Id.* at 1-3.) Without citing specific conduct, Plaintiff also claims "that various state agencies, including [Child Protective Services] and local law enforcement, have colluded to fabricate claims against her using falsified evidence to justify their actions and further the conspiracy against her and her child." (*Id.* at 7.)

Plaintiff brings the following purported causes of action: violation of civil rights (42 U.S.C. § 1983); Racketeer Influenced and Corrupt Organizations Act (RICO) violations (18 U.S.C. § 1962); intentional infliction of emotional distress; conspiracy to defraud the court; Child Abuse Prevention and Treatment Act (CAPTA) violations; failure to protect; conspiracy against rights (18 U.S.C. § 241); stalking (18 U.S.C. § 2261(A)); collusion among government agencies; obstruction of justice; and conspiracy to interfere with civil rights (42 U.S.C. § 1985). (*Id.* at 6-7.)

Plaintiff also seeks an "emergency injunction to prevent further interference in the judicial process and allow Plaintiff's case to proceed without the compromised involvement of the lower appellate courts." (*Id.* at 8.)

## II. LEGAL STANDARDS

### A. In Forma Pauperis

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch*

*v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Rule 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. N.J. Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

**B.    Rule 8**

All pleadings must meet the requirements of Rule 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *See Kanter v. Barella*, 489 F.3d 170, 175 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based"). A district court may dismiss a complaint *sua sponte* under Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tucker v. Sec'y United States HHS*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Further, dismissal under Rule 8 is proper when a

3

complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawana County Prison*, 438 F. App'x 158 (3d Cir. 2011).

### III. DISCUSSION

#### A. Plaintiff's Failure to Comply with Rule 8

Courts have "the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). Here, Plaintiff's Complaint must be dismissed because it does not comply with Rule 8. Indeed, rather than including "a short and plain statement of the claim showing that [she] is entitled to relief," Plaintiff's Complaint includes several conclusory allegations against various public entities. Fed. R. Civ. P. 8(a)(2). (*See, e.g.*, ECF No. 1 at 5 ("The Plaintiff contends that the Defendant(s), acting in concert with various state and local officials, engaged in a systematic pattern of bribery that compromised the integrity of the judicial system. Evidence of this corruption includes documented communications and reports that suggest collusion among law enforcement, Child Protective Services (CPS), and judicial authorities.").) But although Plaintiff lodges allegations of conspiracy, bribery, and corruption, the specific actions of those entities are generally unclear, and the Complaint does not put Defendant on notice of the basis of the claims against it. *See Tillio v. Davis, Bennett, Barr & Spiess Penngrass Att'ys at L.*, 444 F. App'x 513, 514 (3d Cir. 2011) (affirming dismissal on Rule 8 grounds where the plaintiff's complaint did not "reveal[] any factual or legal basis for a federal claim"); *Kanter*, 489 F.3d at 175 (3d Cir. 2007) ("Notice pleading requires a plaintiff to provide the opponent with fair notice of a claim and the grounds on which that claim is based."). Particularly, here, where Plaintiff is alleging claims against various public entities including state and local law enforcement, the judiciary, Child Protective Services, and the Department of Education while only naming the State as a Defendant and providing no further details regarding the claims against these public entities.

4

Moreover, while Plaintiff refers repeatedly to the "lower appellate courts" and asks this Court to take "direct jurisdiction" over another case, Plaintiff includes no details about that other case (*e.g.*, its docket number, the court or county in which it is pending, or even its subject matter). Accordingly, Plaintiff's Complaint is dismissed, but she is granted leave to file an amended complaint addressing these deficiencies within 30 days. *See Francis v. State of N.J. Off. of L. Guardian*, 289 F. App'x 472, 473 (3d Cir. 2008) (noting that district courts may dismiss *pro se* complaints that "lack[] factual specificity" under Rule 8 so long as the plaintiff is provided "leave to amend within a specified period of time").

**B.    Injunctive Relief is Not Warranted**

Rule 65(b) provides that injunctive relief may be issued without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1). Here, Plaintiff "requests that the Court issue an emergency injunction to prevent further interference in the judicial process." (ECF No. 1 at 8.) But, as noted above, Plaintiff does not provide any details about such interference or the other case she references. (*See generally* ECF No. 1.) Thus, Plaintiff has failed to set forth "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). Even construing Plaintiff's Complaint and Emergency Motion for Relief liberally, Plaintiff has failed to allege facts that establish a likelihood of success in the litigation or that she will be irreparably harmed if relief is not granted. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). Accordingly, Plaintiff's request for injunctive relief is denied without prejudice.

## IV.  CONCLUSION & ORDER

IT IS on this 16th day of April, 2025 ORDERED as follows:

1. Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice.

2. Plaintiff's Emergency Motion for Relief (ECF No. 1) is DENIED without prejudice.

3. The Clerk's Office is directed to CLOSE this case.

4. Plaintiff may have this case reopened if, within thirty (30) days of the date of the entry of this Memorandum Order, she files an amended complaint that cures the deficiencies set forth herein. Failure to file an amended complaint within that time will render the dismissal with prejudice or final. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) ("When that 30-day period expired, the District Court's decision became final.").

*[signature]*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE